# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:20-CV-00623-DSC

| | | |
|---|---|---|
| LYDIA THOMAS DUFFY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY , | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #15) and Defendant's "Motion for Summary Judgment" (document #17), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on November 9, 2020. She assigns error to the Administrative Law Judge's formulation of her Residual Functional Capacity.[1] Specifically she assigns error to the ALJ's failure to cite the governing regulations, her evaluation of the opinions from Plaintiff's treating physicians Doctors Dana Piasecki, Steven Ashenfarb, and Richard Fellman, and her failure to define the term "production rate or production demand pace" in the RFC.   She also assigns error to the ALJ's evaluation of her subjective complaints and symptoms, particularly pain resulting from injuries she sustained in a 2016 motorcycle accident. See Plaintiff's "Memorandum ..." at 4-19 (document #16).

## II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."   42 U.S.C. § 405(g).   In Smith v.

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations."  20 C.F.R. § 404.1545(a).  The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401

(1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing]
> more than creat[ing] a suspicion of the existence of a fact to be established. It
> means such relevant evidence as a reasonable mind might accept as adequate to
> support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical

evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the

evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at

1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson,

483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so

long as there is "substantial evidence" in the record to support the final decision below. Lester v.

Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] Plaintiff

challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a

claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ

must consider the functional limitations resulting from the claimant's medically determinable

impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable
> physical or mental impairment which can be expected to result in death or which has lasted or can
> be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and non-medical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. An ALJ may satisfy the "function-by-function" requirement by referencing a properly conducted analysis by State agency medical consultants. See Settlemyre v. Colvin, No. 5:14-CV-00199-MOC, 2015 WL 5457950, at *4 (W.D.N.C. Sept. 16, 2015); Linares v. Colvin, No. 5:14-CV-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p.) (citing Lemken v. Astrue, No. 5:07-CV-33-RLV-DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010); Onishea v. Barnhart, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004)). The ALJ's RFC determination

here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

The Court has carefully reviewed the record, the authorities and the parties' arguments. Although the ALJ did not specifically cite SSR96-8p, she clearly considered the functional limitations resulting from Plaintiff's medically determinable impairments. The ALJ engaged in a well-reasoned credibility analysis (Tr. 18) that incorporated a thorough discussion of the medical records. (Tr. 15-22).

Plaintiff assigns error to the ALJ's evaluation of opinions from Doctors Piasecki, Ashenfarb, and Fellman. For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical opinions. 20 C.F.R. § 404.1520c(a). The Commissioner no longer gives specific evidentiary weight to any medical opinion. Id. Rather, the Commissioner evaluates medical opinions by weighing multiple factors including (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the medical source's specialization and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are most important in evaluating the persuasiveness of a medical source's opinion. The Commissioner is not required to explain consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

The ALJ discussed the limitations in lifting, walking and being off task twenty-five percent of the day as opined by Plaintiff's chiropractor Dr. Ashenfarb. She found his opinion was "inconsistent with findings of normal sensation, motor strength, range of motion of both knees, stable Lachman, vascular and neurological signs in both legs and effective ambulation with a cane." (Tr. 22). The ALJ found Dr. Fellman's opinion that Plaintiff would be off task twenty-five percent of the day was inconsistent with his

findings that Plaintiff had normal thought process, coherence, speech, associations, insight, judgement, memory, movements, language, and fund of knowledge. (Tr. 16, 19, 22). The ALJ noted that the postural, walking, standing and schedule limitations imposed by Dr. Piasecki were inconsistent with her own findings. (Tr. 22). The ALJ discussed that other treating physicians, most notably trauma surgeon Dr. Joseph Hsu, reported that Plaintiff fully recovered from her motorcycle accident and regained normal gait and lower extremity function. Id.

The ALJ explained why the opinions of the State agency consultants were partially persuasive. (Tr. 21-22). To the extent the ALJ departed from those experts' opinions, she imposed greater restrictions in Plaintiff's RFC.

The ALJ found that Plaintiff had the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally use the bilateral lower extremities for pushing, pulling, or operating foot controls; can occasionally perform postural changes; must avoid workplace hazards; requires an assistance device to ambulate; must be allowed to alternate between sitting and standing up to two times each hour; cannot perform work requiring a production rate or production demand pace; and can sustain attention and concentration for two hours at a time.

(Tr. 18). The ALJ included those limitations in the hypothetical she posed to the V.E. (Tr. 45). The V.E. testified that within that RFC, Plaintiff could perform her past relevant work. (Tr. 45-46).

Plaintiff contends that the ALJ failed to define "production rate or production demand pace." The ALJ explained to the VE:

> But no work requiring a production rate or demand pace. And with that, I contemplate jobs involving conveyer belts or assembly lines demanding a set pace.

(Tr. 45). The ALJ sufficiently defined the term.

The ALJ applied the correct legal standards. Substantial evidence supports her conclusion that Plaintiff could perform her past relevant work as a graphic arts sales representative, production coordinator, small business owner, commercial designer, and art director, and was not disabled.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #15) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #17) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

  **SO ORDERED.**     Signed: November 2, 2021

David S. Cayer
United States Magistrate Judge